UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURIE BRIM, III,<br><br>Petitioner,<br><br>v.<br><br>P.L. VAZQUEZ, Warden,<br><br>Respondent. | No. 1:17-cv-00536-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**<br><br>**ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION**<br><br>**(Doc. 1)** |

Petitioner, Eurie Brim, III, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, William Sullivan,[1] Warden of the California Correctional Institution moves to dismiss the petition as untimely. The undersigned agrees that the petition is untimely and recommends that the Court dismiss it.

### I. Procedural and Factual Background

On May 2, 2012, Petitioner was convicted in Kern County Superior Court of second degree robbery (Cal. Penal Code § 212.5(c)); assault with a firearm (Cal. Penal Code § 245(a)(2)); and participating in a street gang (Cal. Penal Code § 186.22(a)). Several sentencing

---

[1] William Sullivan, the warden of the California Correctional Institution, advised the Court that the caption incorrectly names P.L. Vazquez as Respondent.

1

enhancement allegations were also found to be true. On July 12, 2012, Petitioner was sentenced to a determinate prison term of eighteen years.

On July 9, 2014, the California Court of Appeal, Fifth Appellate District reversed Petitioner's conviction for participating in a street gang and remanded the matter to the trial court for the prosecution to determine whether it would retry the case. The Court of Appeal also vacated a one year enhancement to Petitioner's sentence, but affirmed the conviction in all other respects. The prosecution chose not to retry Petitioner for participating in a criminal street gang. Petitioner did not seek review in the California Supreme Court.

Thereafter, Petitioner filed several petitions for writs of habeas corpus with the state court. On November 5, 2015, Petitioner filed a petition with the Kern County Superior Court ("Superior Court"), which was denied on February 23, 2016. On April 23, 2016, Petitioner filed a petition with the Court of Appeal, which was summarily denied on June 21, 2016. On July 12, 2016, Petitioner filed a petition with the California Supreme Court, which was summarily denied on September 21, 2016.

On July 18, 2016, Petitioner filed a second petition for writ of habeas corpus with the Superior Court, which was denied on October 21, 2016. On August 17, 2016, Petitioner filed a third petition before the Superior Court, which was denied on October 28, 2016.

On February 12, 2017, Petitioner filed his fourth petition for writ of habeas corpus before the Superior Court, which was denied on April 10, 2017. On May 6, 2017, Petitioner filed a petition with the Court of Appeal, which was denied on June 22, 2017.

On February 13, 2017, Petitioner filed his petition before this Court, and on July 27, 2017, Petitioner filed his second amended petition. Respondent moved to dismiss the petition as untimely on October 2, 2017. Petitioner filed an "Objection" to the motion to dismiss on October 19, 2017, which the Court construes as an opposition to the motion to dismiss.

2

## II. **The Petition is Untimely**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, direct review in the State of California ended July 9, 2014, when the California Court of Appeal affirmed the judgment in part.[2] Petitioner did not seek review in the California Supreme Court. The federal statutory limitation period began on August 18, 2014, following the expiration of the 40-day period in which to seek review in the California Supreme Court. Accordingly, the one-year statutory limitation period expired on August 18, 2015. Petitioner filed his petition for writ of habeas corpus with this Court on February 13, 2017; consequently the above-captioned petition is untimely.

---

[2] The Court of Appeal affirmed Petitioner's convictions for second degree robbery and assault with a firearm, but reversed on Petitioner's conviction for participating in a street gang. In the petition before this Court, Petitioner is challenging the portion of the conviction the Court of Appeal affirmed: second degree robbery and assault with a firearm.

3

### III. Petitioner is Not Entitled to Equitable Tolling

In his reply to the motion to dismiss, Petitioner contends that he is entitled to equitable tolling due to "mental distress" from the loss of several family members; a hand disability, which makes it difficult for Petitioner to write; and lack of legal knowledge.

The one-year statutory period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 634, 648 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005).

To satisfy the first prong, the petitioner must demonstrate reasonable diligence. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Failure to act diligently throughout the time at issue will break the link of causation between the extraordinary circumstance and the failure to timely pursue relief. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); *Guillory*, 329 F.3d at 1016 (in the absence of diligent effort, extraordinary circumstance did not mandate equitable tolling); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (denying equitable tolling when the petitioner's own conduct rather than external forces accounted for the untimely filing).

"[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). A court should "permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a claim on time.'" *Miles*, 187 F.3d at 1107 (quoting *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998), *abrogated on other grounds*, *Woodford v. Garceau*, 538 U.S. 202 (2003)). The petitioner must show that an external force caused the petition's untimeliness, not "oversight,

miscalculation, or negligence." *Waldon-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). A court should determine whether the circumstances are extraordinary using a flexible case-by-case approach, looking for special circumstances that warrant special treatment in an appropriate case. *Holland*, 130 S.Ct. at 2563.

Petitioner contends that he is entitled to equitable tolling due to mental distress. (Doc. 27 at 1.) He states that his aunt passed away, but does not list the date of her passing, and his father passed away on December 31, 2015. *Id.* at 1-2. Petitioner did not provide the Court any medical records to indicate that he was incapable of timely filing his petition for habeas corpus with this Court due to mental distress. Further, Petitioner's father passed away four months *after* the statute of limitations expired on August 18, 2015. Therefore, Petitioner has not met his burden of alleging facts sufficient to support equitable tolling. *Pace*, 544 U.S. at 418.

Petitioner states that he suffers from a "hand disability" that causes a loss of flexibility in his right hand, numbness, and throbbing. (Doc. 27 at 3.) Petitioner has not provided any medical records that document his alleged physical disability. All of Petitioner's filings in this Court and in the California courts have also been hand written. Where a petitioner fails to show "any causal connection" between the grounds for which he alleges the right to equitable tolling and his inability to timely file a federal habeas petition, the equitable tolling claim may be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical disability and inability to timely file petition.). Here, Petitioner has failed to show a causal connection between his physical disability and his inability to timely file his federal petition. Consequently, Petitioner has not met his burden of alleging facts sufficient to support equitable tolling. *Pace*, 544 U.S. at 418.

Finally, Petitioner alleges that he lacks legal knowledge and was restricted from performing legal research. (Doc. 27 at 3-4.) Allegations that a petitioner lacked legal knowledge do not constitute extraordinary circumstances since nearly all inmates lack legal knowledge and rely on the legal assistance of untrained jailhouse lawyers. *See, e.g., Fisher v. Ramirez-Palmer*, 219 F. Supp. 2d 1076, 1080-81 (E.D. Cal. 2002); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353-54

(S.D.N.Y. 2002); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998). Equitable tolling is not warranted based on a petitioner's lack of understanding of the law. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that the petitioner's *pro se* status, the law library's missing some reporter volumes, and the petitioner's reliance on busy inmate helpers were not extraordinary circumstances "given the vicissitudes of prison life"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding *pro se* petitioner's illiteracy and lack of legal knowledge insufficient to justify equitable tolling).

In his opposition to the motion to dismiss, Petitioner notes that he was placed in restrictive housing at one point. (Doc. 27 at 4.) However, equitable tolling is not warranted due to the delays inherent in prison life, such as lockdowns, inability to obtain relevant legal documents, or physical inability to access the law library, as the law requires petitioners to take the restrictions of prison life into account when calculating the time needed to complete and file a federal petition. *Ramirez*, 571 F.3d at 998 (finding ordinary limitations on access to law library insufficient to warrant equitable tolling); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (finding limitations on law library access due to lockdowns insufficient to merit equitable tolling).

Because the circumstances leading to Petitioner's untimely submission of his habeas petition were not extraordinary, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations.

**IV.**     **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

7

**V.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court hereby ORDERS the Clerk of Court to amend the caption in this matter to reflect the name of William Sullivan, the current warden of the California Correctional Institution, as Respondent.

IT IS SO ORDERED.

Dated:   **April 23, 2018**                                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE